UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANDREW GLORIOSO,

                    Plaintiff,

      - against -

FEDERAL BUREAU OF INVESTIGATIONS and
DAGMAR NEBLETT,

                  Defendants
------------------------------------------------------------X

Docket No.:

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 13 2010 ★
BROOKLYN OFFICE

**COMPLAINT AND JURY DEMAND**

**10   3724**
GERSHON, J
LEVY. M.J

1. At all times herein mentioned, Plaintiff Andrew Glorioso was and still is a resident of Queens County in the City and State of New York.

2. Defendant, Federal Bureau of Investigation (hereinafter referred to as "FBI") is a U.S. Government Agency.

3. Defendant, Dagmar Neblett, was and still is a federal agent, employee, representative and/or servant having a office to conduct business located at 26 Federal Plaza, New York New York.

4. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1343, 1367 and 28 U.S.C. § 2672. Pendant jurisdiction and supplementary jurisdiction over Plaintiff's state law claims is asserted.

COUNT I: NEGLIGENCE

5. At all times herein mentioned, Defendant, FBI was the owner of a 2005 Mazda motor vehicle bearing New York State plate number EBE4060.

6. At all times herein mentioned, Defendant, FBI , through its agents, employees, representatives and/or servants, operated the aforementioned motor vehicle.

7. At all times herein mentioned, Defendant, FBI, through its agents, employees, representatives and/or servants managed the aforementioned motor vehicle

8. At all times herein mentioned, Defendant, FBI through its agents, employees, representatives and/or servants maintained the aforementioned motor vehicle.

9. At all times herein mentioned, Defendant, FBI through its agents, employees, representatives

and/or servants controlled the aforementioned motor vehicle.

10.  At all times herein mentioned, and on August 15, 2008, Defendant, Dagmar Neblett, operated the aforesaid motor vehicle with the consent of its owner, Defendant, FBI.

11.  At all times herein mentioned, and on August 15, 2008, Defendant, Dagmar Neblett operated the aforesaid motor vehicle with the knowledge of its owner, Defendant, FBI.

12.  At all times herein mentioned, Defendant operated the aforementioned motor vehicle in the scope of employment with Defendant, FBI.

13.  At all times herein mentioned, Defendant, Dagmar Neblett, operated the aforementioned motor vehicle.

14.  At all times herein mentioned, Defendant, Dagmar Neblett, managed the aforementioned motor vehicle.

15.  At all times herein mentioned, Defendant, Dagmar Neblett, maintained the aforementioned motor vehicle.

16.  At all times herein mentioned, Defendant, Dagmar Neblett, controlled the aforementioned motor vehicle.

17.  That on August 15, 2008, Defendant, Dagmar Neblett was operating the vehicle owned by Defendant, FBI, at the aforementioned location.

18.  At all times herein mentioned, Plaintiff ANDREW GLORIOSO was the operator of a 1999 motor vehicle bearing New York State registration number DZV3045.

19.  At all times herein mentioned, westbound 31st Avenue at or near 41st Street, in Queens County in the City and State of New York were and still are  public roadways, streets and/or thoroughfares.

20.  That on August 15, 2008, Plaintiff ANDREW GLORIOSO was operating his motor vehicle at the aforementioned location.

21.  That on August 15, 2008, at the aforementioned location, the motor vehicle owned by Defendant FBI and operated by Defendant, Dagmar Neblett came into contact with the motor vehicle operated by Plaintiff ANDREW GLORIOSO.

22.  It was the duty of the Defendant to use due care to watch where they were driving, to maintain a proper lookout, to reduce speed to avoid an accident, to maintain a proper distance between his vehicle and the Plaintiff, and to control his vehicle in order to avoid a collision  That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendant without any fault or negligence on the part of the Plaintiff contributing thereto

23.  That as a result of the aforesaid contact, Plaintiff ANDREW GLORIOSO was severely injured.

24.  Defendant breached that duty of due care by failing to use due care by watching where they were driving, failing to maintain a proper lookout, failing to reduce speed to avoid an accident, failing to maintain a proper distance between his vehicle and the Plaintiff's vehicle, and failing to control his vehicle in order to avoid a collision with Plaintiff's vehicle.

25.  That Defendant was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendant was otherwise negligent, careless and reckless under the circumstances.

26.  That by reason of the foregoing, Plaintiff ANDREW GLORIOSO sustained severe and permanent personal injuries and was otherwise damaged.

27  That Plaintiff ANDREW GLORIOSO sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

28.  That Plaintiff ANDREW GLORIOSO sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

29.  That Plaintiff ANDREW GLORIOSO is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff.  Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

30.  That this action falls within one or more of the exceptions set forth in CPLR §1602.

31.  As a direct and proximate result of the negligence of the Defendant, Plaintiff has suffered physical injuries and mental anguish. Plaintiff has incurred expenses for medical care and treatment,

medicines, physical therapy, and other types of medical related attention. Plaintiff continues to suffer physical pain and discomfort from this accident, including internal derangement with torn medial and lateral menisci of left knee requiring surgery, as well as disc herniations at C4-5 C5-6 and C6-7. All the above damages were directly and proximately caused by the aforementioned negligence of the Defendant and were incurred without contributory negligence or assumption of the risk on the part of the Plaintiff. Plaintiff also did not have the opportunity to avoid this accident.

32.  That as a result of the negligence of the defendants, plaintiff suffered property damage to his motor vehicle due to the collision caused by defendants as described above.

33.  That Plaintiffs' motor vehicle was bent, broken and demolished in several ways so that they have been and will be required to expend large sums of money in having it repaired; that plaintiff has also lost the use motor vehicle for a period of several months and that the motor vehicle was so damaged that it was greatly lessened in value.

34.  That as a result there of, Plaintiff was caused to suffer monetary damages to his property in the amount of Two Thousand One Hundred Forty One Dollars and Thirty Nine Cents ($2,141.39).

35.  That by reason of the foregoing, Plaintiff ANDREW GLORIOSO has been damaged in a sum to be determined at trial.

**WHEREFORE**, Plaintiff, ANDREW GLORIOSO, demands judgment against the Defendants herein, in a sum  to be determined at Trial, together with the costs and disbursements of this action and any further and other relief which this Court deems appropriate.

Dated: New York, New York
        August 10, 2010

Yours, etc.

JONATHAN E. ROBERTS, ESQ.    9036
TALKIN, MUCCIGROSSO & ROBERTS, LLP
Attorneys for Plaintiff
ANDREW GLORIOSO
40 Exchange Place 18th Floor
New York, New York 10005
212-482-0007
Our File No. 07135B001