UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ANDREW GLORIOSO,

                      Plaintiff,

- against -

FEDERAL BUREAU OF INVESTIGATION and
UNITED STATES,

                      Defendants.
-------------------------------------------------------------------------X

Civil Action No.

10-cv-3724 (NG) (RML)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

*Attorney for Defendants*

AMEET B. KABRAWALA
Assistant United States Attorney
(Of Counsel)

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ............................................................................................................................1

   A. Factual Allegations ..............................................................................................................1

   B. Procedural History ...............................................................................................................2

ARGUMENT..................................................................................................................................4

   A. Legal Standard Governing Motions
      to Dismiss Under Rule 12(b)(1) ..........................................................................................4

   B. Plaintiff's FTCA Claim Must Be Dismissed as Time Barred .............................................5

      1. Compliance with the FTCA's Limitations Period is a
         Jurisdictional Prerequisite to Suit and Noncompliance
         Results in the Claim Being Forever Barred ...............................................................5

      2. Plaintiff's Failure to Commence this Action Within the
         FTCA's Six-Month Limitations Period Deprives
         the Court of Subject Matter Jurisdiction ....................................................................9

   C. The FBI is Not a Proper Party-Defendant Under the FTCA .............................................11

CONCLUSION ............................................................................................................................12

## **PRELIMINARY STATEMENT**

Defendants, Federal Bureau of Investigation ("FBI") and United States (collectively, the "defendants"), respectfully submit this memorandum of law in support of their motion to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## **BACKGROUND**

### A. Factual Allegations

Plaintiff, Andrew Glorioso ("plaintiff"), proceeding through counsel, commenced this personal injury action on August 13, 2010 against the FBI and its employee, Dagmar Neblett ("Neblett"). In his one-count Complaint, plaintiff alleges that on August 15, 2008, Neblett, while acting within the scope of her employment as an employee of the FBI, negligently operated a vehicle owned by the FBI, which collided with a vehicle operated by plaintiff. (ECF No. 1, Compl. ¶¶ 12, 21-22.) Plaintiff further alleges that he "sustained serious injuries and economic loss greater than basic economic loss as defined by § 5104 of the Insurance Law of the State of New York." (*Id.* ¶ 28.) Plaintiff erroneously invokes the Court's jurisdiction under 28 U.S.C. §§ 1343, 1367, and 2672.[1] (*Id.* ¶ 4.)

---

[1] Title 28 U.S.C. § 1343 grants federal district courts jurisdiction over claims involving the deprivation of rights secured by the Constitution "or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3). Plaintiff, however, has not alleged any civil rights claims. Title 28 U.S.C. § 1367 "gives federal courts, which have subject matter jurisdiction over federal claims, discretion to decide closely related claims over which there is no independent basis of federal jurisdiction." *Bridgeman Art Library v. Corel Corp.*, 25 F. Supp. 2d 421, 431 (S.D.N.Y. 1998). Title 28 U.S.C. § 2672, *inter alia*, grants authority to federal agencies to consider, compromise and settle claims for money damages "against the United States for injury or loss of property or personal injury . . . by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2672. Notwithstanding, pursuant to 28 U.S.C. §§ 1346(b) and 2671 *et seq.*, this Court has exclusive jurisdiction over plaintiff's tort claim.

## B. Procedural History

Although not pled in the Complaint, before commencing this action in this Court on August 13, 2010, plaintiff, through counsel, filed an administrative claim with the FBI on March 23, 2008 pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* (*See* Declaration of Nestor Pujols, dated March 23, 2011 ("Pujols Decl.") ¶ 2.) In that administrative claim, plaintiff sought $5,000,000 for alleged personal injuries and $2,141.39 for property damage arising out of a rear-end automobile collision that allegedly occurred on August 15, 2008 between plaintiff and a vehicle owned and operated by the FBI. (*See id.*)

Further, although not pled in the Complaint, following a review of plaintiff's administrative claim, the FBI notified plaintiff's counsel of the final determination of plaintiff's administrative claim. (*See id.* ¶¶ 3-4; *see also* Exhibit A thereto, Letter to Jonathan Robert, Esq. dated November 24, 2009 (the "November 24, 2009 letter") at 1.) Specifically, by certified letter dated November 24, 2009 from FBI Chief Division Counsel Paul F. Raimondi to plaintiff's present counsel, Jonathan Roberts, plaintiff was advised of the "determination" of his FTCA claim. (*Id.* at 1.) That letter states that "[a]fter a review" of the claim, the FBI offers $12,142.00 "in full settlement of this claim." (*Id.*) The letter further provides that the $12,142.00 amount includes $2,142.00 for property damage and $10,000.00 for pain and suffering. (*Id.*) The letter then instructs plaintiff's counsel how to arrange for the electronic transfer of settlement funds. (*Id.*)

Significantly, the final paragraph of the November 24, 2009 letter expressly and unequivocally advises plaintiff's counsel of the required steps to take if

2

plaintiff is dissatisfied with the FBI's "decision" on plaintiff's administrative claim. (*Id.* at 2.) Specifically, the final paragraph of the November 24, 2009 letter to Mr. Roberts states:

> Please be advised that 28 Code of Federal Regulations section 14.9(a) requires us to inform you that, if you are dissatisfied with our decision, suit may be filed against the United States in an appropriate United States District Court, not later than six (6) months after the date of this letter.

(*Id.*)

In addition to the clear mandate of the November 24, 2009 letter to plaintiff's counsel, the letter also expressly references 28 C.F.R. § 14.9(a), which states:

> Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and *shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.*

28 C.F.R. § 14.9(a) (emphasis added).

Plaintiff failed to commence the instant action within 6 months of November 24, 2009, or by May 24, 2010. Instead, this action naming as defendants the FBI and Neblett was commenced on August 13, 2010, nearly nine months after plaintiff was notified of the final disposition of his administrative claim.

In his Complaint, plaintiff erroneously and improperly named the FBI and Neblett as defendants, despite the FTCA's unequivocal mandate that the United States is the only proper party-defendant in FTCA actions. Thereafter, the Attorney General certified that Neblett was acting within the scope of her federal employment at all relevant times. (*See* ECF No. 4, Certification of Scope of Employment, dated Jan. 13, 2011.) Plaintiff's claims against Neblett were thereby dismissed by operation of law and

3

all claims asserted in the Complaint against Neblett are deemed to be claims for relief against the United States.[2] (*Id.*) To date, plaintiff has failed to dismiss the FBI, despite receiving notice that the FBI is not a proper defendant in this action or any action sounding in tort.

## ARGUMENT

As discussed below, plaintiff's Complaint must be dismissed, with prejudice, for lack of subject matter jurisdiction. Specifically, the Complaint must be dismissed because plaintiff failed to commence this action within six months of the FBI's November 24, 2009 determination of plaintiff's administrative FTCA claim, thus depriving the Court of subject matter jurisdiction. Additionally, the FBI must be dismissed because it is not a proper party-defendant in this FTCA action.

### A. Legal Standard Governing Motions to Dismiss Under Rule 12(b)(1)

"A federal court's subject matter jurisdiction in each case is of primary importance since '[i]t is a fundamental precept that federal courts are courts of limited jurisdiction.'" *Progressive Northeastern Ins. Co. v. United States Postal Serv.*, No. 08-cv-345, 2008 WL 4834508, at *2 (N.D.N.Y. Nov. 4, 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). "Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must grant a motion to dismiss when that court lacks subject matter jurisdiction." *Id.*, 2008 WL 4834508, at *2 (citing Fed. R. Civ. P. 12(b)(1)).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to

---

[2] During the March 2, 2011 pre-motion conference, the Court ordered that the caption of this action be amended to reflect the substitution of the United States as a defendant in the place of Dagmar Neblett. (*See* ECF No. 11.)

4

adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Id.* (citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)). Plaintiff has failed to satisfy that burden here.

### B. Plaintiff's FTCA Claim Must Be Dismissed as Time Barred

#### 1. Compliance with the FTCA's Limitations Period is a Jurisdictional Prerequisite to Suit and Noncompliance Results in the Claim Being Forever Barred

It is "'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)); *see Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the federal government and its agencies from suit."); *Progressive Northeastern*, 2008 WL 4834508, at *3. "Consent entails the United States waiving its sovereign immunity through an act of Congress." *Id.* (citing *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996)). "In choosing to waive its sovereign immunity, the United States is free to impose conditions on that waiver, such as a limitations period." *Id.* (citing *United States. v. Sherwood*, 312 U.S. 584, 586-87 (1941)).

The FTCA provides a limited waiver of the sovereign immunity of the United States for the negligent or wrongful acts or omissions of federal agencies and federal employees while acting within the scope of their employment. *See* 28 U.S.C. §

5

1346(b)(1); *see also Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005). As a condition of the government's limited waiver of sovereign immunity, the FTCA provides that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun *within six months after the date of mailing, by certified or regular mail, of notice of final denial of the claim by the agency to which it was presented.*

28 U.S.C. § 2401(b) (emphasis added); *see also* 28 C.F.R. § 14.9(a).

The Supreme Court has long held that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276 (1957); *see also Adeleke*, 355 F.3d at 150 (observing that "precedent teaches 'that the Government's consent to be sued must be construed strictly in favor of the sovereign, and not enlarged beyond what the language requires.'" (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992))). Thus, any suit under the FTCA must strictly comply with the terms and conditions of the FTCA's limited waiver of sovereign immunity. *See Adeleke*, 355 F.3d at 150; *see also Rambarrat v. United States*, 347 F. Supp. 2d 6, 8 (S.D.N.Y. 2004) (observing, in an FTCA action, that courts lack subject matter jurisdiction unless the plaintiff complies "with all statutory and regulatory prerequisites" to suit (citing *Morales v. United States*, 38 F.3d 659, 660 (2d Cir. 1994); *Wyler v. United States*, 725 F.2d 156, 159 (2d Cir. 1983))).

During the March 2, 2011 pre-motion conference, the Court referenced the recent decision in *Henderson v. Shinseki*, 131 S. Ct. 1197 (2011) and requested that the parties address the holding of that case relative to defendants' present motion. In

*Henderson*, the Supreme Court held that the Department of Veterans Affairs' 120-day statute of limitations for filing a notice of appeal from the Board of Veterans' Appeals to the United States Court of Appeals for Veterans Claims ("Veterans Court") is a procedural rule that does not have "jurisdictional attributes." *Id.* at 1204-1206; *see* 38 U.S.C. § 7266(a).[3]

In so holding, the Supreme Court reasoned that the 120-day limitations period is merely a "claims-processing rule" and does not affect the Veterans Court's jurisdiction. *Id.* at 1205. The Court observed that unlike other statutes of limitations, the appeal at issue was not to an Article III court, but instead from an administrative agency to an Article I tribunal "as part of a unique administrative scheme." *Id.* at 1204. Further, in considering whether Congress provided a "clear" indication that it intended 38 U.S.C. § 7266(a)'s limitations period to be jurisdictional, the Court observed that: (1) the language of the statute was not phrased in jurisdictional terms; (2) Congress placed the deadline provision in the "Procedure" rather than the "Jurisdiction; finality of decisions" section of the statute; and (3) Congress demonstrated its longstanding "solicitude" for veterans in both the purpose and the terms of the statute, which historically has "place[d] a thumb on the scale in the veteran's favor in the course of administrative and judicial review of VA decisions." *Id.* at 1204-05. Further, the Court observed that adjudication of veterans' benefits claims, which is "informal and nonadversarial" is unlike "ordinary civil litigation," where "plaintiffs must generally commence their suits within the time

---

[3] Title 38 U.S.C. § 7266(a) provides that:

> In order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104 (e) of this title.

7

specified in a statute of limitations . . . and the litigation is adversarial." *Id.* at 1206. For these reasons, the Supreme Court concluded that "[r]igid jurisdictional treatment of the 120-day [limitations] period" was unwarranted. *See id.*

By contrast, it is well settled that the FTCA's statute of limitations is jurisdictional and cannot be waived. *See United States v. Kubrick*, 444 U.S. 111, 117-18 (1979) (noting that the statute of limitations of 28 U.S.C. § 2401(b) is strictly construed because the FTCA waives the sovereign immunity of the United States); *Garland-Sash v. Lewis*, 348 Fed. Appx. 639, 642 (2d Cir. 2009) (observing that compliance with the FTCA's statute of limitations is a "jurisdictional" requirement) (citation omitted); *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998) (observing, in an FTCA case, that "[a]ny limitations imposed by the waiver statute, whether they be substantive, procedural, or temporal, are to be strictly applied against the claimant."); *Adams v. U.S. Dep't of Housing and Urban Dev.*, 807 F.2d 318, 321 (2d Cir. 1986) (observing that the requirements of 28 U.S.C. § 2675, governing the "disposition" of administrative FTCA claims, are "jurisdictional and cannot be waived."); *Willis v. United States*, 719 F.2d 608, 613 (2d Cir. 1983) (the plaintiff's failure to strictly comply with the FTCA's time restrictions deprived the court of subject matter jurisdiction over her FTCA claims); *Santiago v. United States*, No. 02-cv-4896 (SDF), 2004 WL 758196, at *1 (E.D.N.Y. Jan. 28, 2004) (observing that compliance with 28 U.S.C. § 2401(b)'s six-month limitations period is a jurisdictional prerequisite to suit); *Solomon v. United States*, 566 F. Supp. 1033, 1035 (E.D.N.Y. 1982) ("Compliance with the statute of limitations under the FTCA is a jurisdictional prerequisite and noncompliance results in the claim being forever barred."); *see also John R. Sand & Gravel Co. v. United States*,

457 F.3d 1345, 1354 (Fed. Cir. 2006) (observing that "[i]t is well established that statutes of limitations for causes of action against the United States, being conditions of the waiver of sovereign immunity, are jurisdictional in nature." (citation omitted)); *Adeleke*, 355 F.3d at 150 (recognizing that sovereign immunity "places the Federal Government on an entirely different footing than private parties." (quoting *Lane v. Pena*, 518 U.S. 187, 196 (1996))).

The FTCA's six-month limitations period is triggered when a federal agency notifies the claimant of the "final denial" of his claim and advises him that he must commence an action in an appropriate federal district court within six months. *See* 28 C.F.R. § 14.9(a). Courts have held that no "specific verbal formulation" is required to effectuate the "final denial" of an administrative FTCA claim and trigger the six-month limitations period under 28 U.S.C. § 2401(b). *See Hatchell v. United States*, 776 F.2d 244, 245 (9th Cir. 1985) (Kennedy, J.); *see also Greenberg v. Kraich*, No. 04-cv-3647, 2004 WL 2414006, at *3 (S.D.N.Y. Oct. 28, 2004) (letter need not state that it is a "final" denial so long as it refers to 28 C.F.R. § 14.9(a)). Instead, 28 C.F.R. § 14.9(a) requires only that plaintiff be advised that if he is "dissatisfied with the agency *action*, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification." *See* 28 C.F.R. § 14.9(a) (emphasis added); *see also Greenberg*, 2004 WL 2414006, at *3.

### 2. Plaintiff's Failure to Commence this Action Within the FTCA's Six-Month Limitations Period Deprives the Court of Subject Matter Jurisdiction

Here, it is undisputed that the FBI's November 24, 2009 letter was sent on that date by certified mail to plaintiff's counsel and advised plaintiff of his right either to

9

accept a settlement or commence an action in federal district court within six months. As previously mentioned, the letter expressly advised plaintiff's counsel that pursuant to 28 C.F.R. § 14.9(a), if plaintiff is "dissatisfied with our decision, suit may be filed against the United States in an appropriate United States District Court, not later than six (6) months after the date of this letter." (November 24, 2009 Letter at 2.) Thus, the November 24, 2009 letter satisfied 28 C.F.R. § 14.9(a) because it included a statement informing plaintiff that if he was dissatisfied with the FBI's action, he could file suit not later than six months after the date of the letter.

Accordingly, the six-month limitations period in which plaintiff could have timely commenced his lawsuit began to run on November 24, 2009. *See* 28 U.S.C. § 2401(b). Plaintiff rejected the FBI's settlement offer and elected to file suit in this Court on August 13, 2010, nearly three months after the limitations period had expired. Plaintiff's FTCA claim is therefore untimely and forever barred. *See Willis*, 719 F.2d at 613; *see also McDuffee v. United States*, 769 F.2d 492, 493-94 (8th Cir. 1985) (ordering the dismissal of an FTCA complaint where plaintiff missed 28 U.S.C. § 2401(b)'s six-month deadline by one day); *Progressive Northeastern*, 2008 WL 4834508, at *4 (dismissing an FTCA action commenced nearly ten months after the six-month limitations period had expired); *Hunt v. United States*, No. 07-cv-112, 2007 WL 2406912, at *2 (N.D.N.Y. Aug. 21, 2007) (dismissing with prejudice an FTCA action commenced eleven days after expiration of the six-month limitations period); *Metro. Prop. & Cas. Ins. Co. v. United States*, No. 90-cv-3435 (CBA), 1991 WL 37082, at *3 (E.D.N.Y. Mar. 12, 1991) (dismissing with prejudice an FTCA action commenced nine days after expiration of the six-month limitations period). As this Court has observed,

"[e]ven though this result appears to be harsh, the courts may not rewrite the statute of limitations enacted by Congress to avoid such a result." *Id.* (citations omitted); *see also Adeleke*, 355 F.3d at 150-51 (observing that "some aggrieved parties [may be left] without relief, but that is inherent in the doctrine of sovereign immunity."). Accordingly, plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

### C. The FBI is Not a Proper Party-Defendant Under the FTCA

The FTCA permits civil actions against *only* the United States for money damages for certain tortious acts of federal agencies and federal employees acting within the scope of their employment. *See* 28 U.S.C. §§ 2679(a), 1346(b)(1); *United States v. Orleans*, 425 U.S. 807, 813 (1976); *C.P. Chem. Co. v. United States*, 810 F.2d 34, 37 n.1 (2d Cir. 1987) ("[t]he FTCA expressly provides that only the United States may be held liable for torts committed by a federal agency, and not the agency itself" (citing 28 U.S.C. § 2679(a))); *Sereika v. Patel*, 411 F. Supp. 2d 397, 409 (S.D.N.Y. 2006) (observing that the FTCA precludes tort suits against federal agencies and "makes the only proper federal institutional defendant in such an action the United States.").

Here, plaintiff improperly names as a defendant the FBI, which qualifies as a "federal agency" within the meaning of the FTCA. *See* 28 U.S.C. § 2671. As defined by 28 U.S.C. § 2671, "the term '[f]ederal agency' includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States . . . ." 28 U.S.C. § 2671(1). Courts have routinely observed that the FBI is a federal agency immune from FTCA claims. *See, e.g., McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006); *Conklin v. Doe*, No. 01-cv-987,

11

2002 WL 227067, at *4 (S.D.N.Y. Feb. 13, 2002). Accordingly, because the FBI qualifies as a "federal agency" for purposes of the FTCA, all claims against the FBI must be dismissed for lack of subject matter jurisdiction. *See Sereika,* 411 F. Supp. 2d at 409 (dismissing FTCA claims against two federal agencies for lack of subject matter jurisdiction).

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court dismiss plaintiff's Complaint in its entirety, with prejudice, and order such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
April 4, 2011

>LORETTA E. LYNCH
United States Attorney
*Attorney for Defendants*
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By: _____
Ameet B. Kabrawala
Assistant U.S. Attorney
(718) 254-6001