UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREW GLORIOSO,　　　　　　　　　　　　　　　　**DECLARATION**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**IN OPPOSITION**

　　　　　　　　　　Plaintiff,　　　　　　　　　　　　10-cv-3724 (NG)(RML)

　　-against-

FEDERAL BUREAU OF INVESTIGATION and
UNITED STATES,

　　　　　　　　　　Defendants.
------------------------------------------------------------X

　　　　Jonathan Roberts, an attorney duly admitted to practice in the State of New York, declares the following under penalty of perjury.

　　　　1.　　I am a member of Talkin, Muccigrosso & Roberts, LLP, counsel to the plaintiff in the above entitled matter. As such, I am fully familiar with the facts and circumstances of this action. I make this Affirmation in Opposition to the defendants' motion for an order dismissing the Complaint in its entirety pursuant to 12(b)(1) of the Federal Rules of Civil Procedure.

　　　　2.　　Plaintiff Andrew Glorioso was seriously injured on August 15, 2008, when the car operated by Defendant Neblett, an FBI employee, collided with the rear of the car Plaintiff was driving.

　　　　3.　　The FBI owns the car that Defendant Neblett was driving at the time, by its own admission.

　　　　4.　　The Government has certified that Defendant Neblett was acting within the scope of his employment at the time of the accident.

　　　　5.　　Plaintiff's injuries required surgery on his knee.

6. My office notified the FBI and Mr. Neblett by letter of Plaintiff's representation and the potential claim on his behalf in October 2008.

7. The FBI responded by providing counsel with a Standard Form 95, Claim for Damage, Injury or Death, on October 27, 2008. Plaintiff filed his Standard Form 95 on March 23, 2009.

8. By certified letter dated, July 10, 2009, the FBI responded to that filing by requesting certain information with respect to Plaintiff's Claim. That information was provided by letter dated August 28, 2009.

9. After submitting the information, I had numerous discussions with Nestor Pujols a paralegal specialist with the FBI, regarding the claim, including settlement negotiations, with the hope that the matter would be settled without the need for litigation.

10. The FBI made a written offer of $12,142.00, by certified letter dated November 24, 2009 (the "November 24th Letter"), to settle the matter which included the advisement "if you are dissatisfied with our decision, suit may be filed against the United States in an appropriate United States District Court, not later than six (6) months after the date of this letter."

11. However, on or about November 25, 2009, after receiving the letter from I continued to engage in settlement negotiations after the letter was sent by calling Mr. Pujols and informing him that I did not consider to the offer to be sufficient compensation for Plaintiff's injuries, that Plaintiff would not accept the latest offer and asking him to reconsider. Mr. Pujols informed me at that time that he would take my suggestion under consideration, consult with his supervisor and get back to me.

12. Receiving no response, I again called Mr. Pujols on or about December 3, 2009 and left a voice message

13. On or about January 5, 2010, Mr. Pujols responded by phone and indicated that he would not be increasing the offer of settlement after consultation with his supervisor.

14. As a result, my office filed the Complaint in this matter on behalf of Plaintiff on August 13, 2010. Complaint, Docket No. 1.

15. Based upon the above facts, I did not consider the November 24 Letter "a final denial of the claim" in this case.

DATED: May 4, 2011

_____
Jonathan Roberts
Talkin, Muccigrosso & Roberts, LLP
40 Exchange Place, 18th Floor
New York, New York 10005
(212) 482-0007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANDREW GLORIOSO,

                              Plaintiff,                    Case No. 10-cv-3724 (NG)(RML)

    -against-

FEDERAL BUREAU OF INVESTIGATION and
UNITED STATES,

                              Defendants.
-----------------------------------------------------------------X


PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO THE DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT


Jonathan Roberts (9036)
Talkin, Muccigrosso & Roberts, LLP
*Attorneys for Plaintiff*
40 Exchange Place, 18th Floor
New York, New York 10005
(212) 482-0007

## INTRODUCTION

In this matter, Plaintiff, Andrew Glorioso, received an offer to settle his claim, in which liability would not be in issue and the injuries serious enough to require surgery, about nine months after filing his claim. In the time between filing of the claim and receipt of the offer to settle, counsel for Plaintiff engaged in settlement negotiations with the FBI and provided documentary evidence that should have been instrumental in reaching a settlement. However, the parties were unable to reach a mutually agreeable resolution after the government made a written offer to settle in an amount well below the fair settlement value of Plaintiff's claim. Now, the government moves to dismiss the action, arguing that its offer to settle was, in fact, a "final denial" of the claim triggering a six-month period within which Plaintiff was to file suit. However, the offer to settle contained no language indicating that the claim was being denied, conditionally or otherwise. In addition, the settlement offer was made three months past the time prescribed by statute for agency review of a claim. Having received no denial, but only a late offer to settle, Plaintiff filed this action in a timely fashion. As a result, this motion should be denied.

## FACTS

Plaintiff Andrew Glorioso was seriously injured on August 15, 2008, when the car operated by Dagmar Neblett, an FBI employee, collided with the rear of the car Plaintiff was driving. Complaint, Docket No. 1. The FBI owns the car that Neblett was driving at the time. Complaint, Docket No. 1. The Government has certified that Neblett was acting within the scope of his employment at the time of the accident.

Plaintiff first notified the FBI and Neblett by letter of Plaintiff's representation and the potential claim in October 2008. Affirmation of Jonathan Roberts in Opposition to the Motion

1

("Roberts Aff.") at ¶ 6. The FBI responded by providing counsel with a Standard Form 95, Claim for Damage, Injury or Death, on October 27, 2008. Plaintiff filed his Standard Form 95 on March 23, 2009. Roberts Aff. at ¶7. By letter dated, July 10, 2009, the FBI responded to that filing by requesting certain information with respect to Plaintiff's Claim. Roberts Aff. at ¶8. That information was provided by letter dated August 28, 2009. Roberts Aff. at ¶8. After submitting the information, plaintiff's counsel had numerous discussions with Nestor Pujols, a Paralegal Specialist with whom counsel had been negotiating since filing the claim, including settlement negotiations, with the hope that the matter would be settled without the need for litigation. Roberts Aff. at ¶8.

The FBI made a written offer of $12,142.00, by certified[1] letter dated November 24, 2009 (the "November 24th Letter"), to settle the matter which included the advisement "if you are dissatisfied with our decision, suit may be filed against the United States in an appropriate United States District Court, not later than six (6) months after the date of this letter." However, counsel continued to engage in settlement negotiations after the letter was sent, by calling Mr. Pujols and indicating that the offer was not acceptable. Mr. Pujols responded by explaining that he would consult with his supervisor and get back to counsel. Roberts Aff. ¶11. Plaintiff filed the Complaint in this matter on August 13, 2010.

By letter motion filed on December 1, 2010, the Government requested and was granted on consent an extension of its time to file and answer or otherwise respond to the Complaint. The Defendants were granted until January 21, 2011 to do so.

---

[1] It is worth noting that all written correspondence with the counsel to the FBI prior to November 24, 2010 had been sent via certified mail.

2

The Defendants filed their motion to dismiss the Complaint in this matter on April 4, 2011, alleging that the Court lacks jurisdiction over the matter because Plaintiff did not comply with 28 U.S.C. § 2401(b).

**ARGUMENT**

I.   **Plaintiff's Claim in Not Time Barred.**

The Federal Tort Claims Act ("FTCA") waives the United States' sovereign immunity for certain classes of tort claims, including claims for personal injury or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA also imposes procedural requirements plaintiffs must satisfy before they can bring suit. Before bringing suit in district court, a plaintiff must present a tort claim to the appropriate agency within two years of the claim's accrual. 28 U.S.C. § 2401(b).

The statute of limitations provisions included in the FTCA are a condition of the United States' limited waiver of immunity. 28 U.S.C. § 2401(b); *United States v. Kubrick*, 444 U.S. 111, 117-118, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). Specifically, these provisions require that any claim be "presented in writing to the appropriate Federal agency within two years after such claim accrues," and that the claimant must file suit within six months of administrative denial of the claim. 28 U.S.C. § 2401(b). When either of these requirements is not met, a district court lacks subject-matter jurisdiction over the claim. *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999).

3

Title 28 U.S.C. § 2401(b) also provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of *notice of final denial of the claim* by the agency to which it was presented.

28 U.S.C. § 2401(b)[emphasis added].

### A. Plaintiff Did Not Receive a Notice of Denial of His Claim.

In this case, there is no dispute that Plaintiff satisfied the first requirement of § 2401(b) by filing the administrative claim well within two years of Plaintiff's accident. However, the defendants assert that, since the Complaint was filed on August 13, 2010, more than six months after the November 24, 2009 Offer, Plaintiff has failed to comply with § 2401(b).

In *Jerves v. United States*, the Ninth Circuit held that the jurisdictional requirements were not met because the government had merely made an offer to settle, rather than issuing a final denial of the claim, but the plaintiff filed suit nonetheless. *Jerves v. United States*, 966 F.2d 517 (9th Cir. 1992). In reaching its decision, the court held, "Nowhere in the letter does the NLSO declare that it had reached a final conclusion regarding Jeeves' claim." Instead, the letter in question contained an offer to settle the claim and "additional settlement negotiations appear[ed] possible." *Id* at 520. In another Ninth Circuit case, *Woirhaye v. United States*, 609 F.2d 1303, 1306 (9th Cir. 1979), the Court held that the a denial of a claim was not final where, *inter alia*, "The agency leads the claimant reasonably to believe that it is still actively considering the original claim."

Under the instant facts, Plaintiff would argue that he was lead to believe that the agency was still considering his claim because (a) the was an outstanding offer that had not lapsed under

4

its terms, and, (b) Plaintiff's counsel spoke to counsel to the FBI well after the November 24th Letter was sent and discussed a counteroffer of settlement.

Plaintiff submits that the procedure taken by the government agency defendant in *State Farm Mutual Auto. Ins. Co. v. United States*, an unreported decision, is an example of the way a government agency would respond to a claim with an offer and then deny the same claim if the offer is not accepted. In *State Farm*, the government made an offer to settle the claim that by its own terms expired within a month. *State Farm Mutual Auto. Ins. Co. v. United States*, 2005 WL 2736556 at *1 (E.D.N.Y. Oct. 17, 2005, No. 04-CV-4036). When the offer was not accepted, the government sent a Notice of Final Denial, stating, "this claim is denied based on our inability to reach a satisfactory settlement" and further advised the claimant in accordance with 28 U.S.C. § 2401(b). *Id*. at *2 When the plaintiff filed suit after six months from the time the last letter was sent, the government moved to dismiss and was granted dismissal based on the untimeliness of the suit. *Id*. at *3.

Nor did the FBI in this case act as the Postal Service did in *Heimla v. United States*, 548 F.Supp. 350, 351 (E.D.N.Y. 1982), in which the settlement offer contained the following advisement, "in the event this settlement offer is not acceptable then your client may treat this letter as a denial of your claim and file suit …." The government apparently argues that the recipient of its letter should have inferred that this was case by the inclusion of the language advising that the claimant "may file suit" within six months.

The November 24th letter offer was not a Notice of Final Denial. In fact, by its very terms, the November 24th letter was not a "denial of the claim" at all. Plaintiff's claim was never denied. To the contrary, the Government offered terms of a settlement in its letter and continued to discuss an amicable resolution after the letter was received. Plaintiff could have accepted the

5

offer at any time after it was made. The November 24th Offer does not provide any deadline within which Plaintiff was required to accept the offer or have it lapse. Therefore, what the government argues should be considered a Notice of Final Denial, could in fact, have been the document upon which the entire matter was settled, should Plaintiff have accepted the offer contained therein.

Moreover, the word "final" does not appear in the letter at all. If the defendants wished to have the offer considered to be final, simply indicating the same in the letter itself would have eliminated any of the issues now in dispute. Instead, counsel sent a letter that did not deny the claim, but made an offer of settlement and indicated that suit "may be filed" if the recipient is dissatisfied with the offer. According to the plain meaning of the statute, the administrative agency in this case, the FBI, did not deny the claim or trigger the six month period within which this suit was to be filed.

Defendants were able to cite no authority supporting the proposition that an offer to settle satisfies the "Notice of Final Denial" requirement. In preparing this memorandum in response, counsel was also unable to locate case law holding an offer of settlement to be considered a final denial without explicitly stating the same in its terms. Defendants' Memorandum of Law in support of this motion cites 9th Circuit authority that there is no "specific verbal formulation" required in a Notice of Final Denial. Plaintiff is not suggesting otherwise, however, it is difficult to imagine that a denial of a claim of any sort would not have to state that the claim was being denied by some verbal formulation and note that the determination was final.

*Greenberg v. Kraich*, No. 04-cv-3647, 2004 WL 241006 at *2(S.D.N.Y. Oct 28, 2004), a Southern District Case relied upon by the defendants, was decided under factually distinct

6

circumstances. In that case, the government had informed the plaintiff of the denial of his claim. As Judge Buchwald noted in reciting the facts, "On August 22, 2003, the FBI sent plaintiff a letter explaining that the agency had denied his claim on the ground that the FBI's investigation revealed that Kraich had not acted negligently." *Greenberg*, 2004 WL 241006 at *2. The court specifically held the letter issued in that case to be a "final denial of the claim." *Id.* at *3.

Defendants further argue that the following section of 28 C.F.R. 14.9 *supports* their argument, despite its repeated use of the term "final denial". The section is entitled "14.9 - Final denial of claim." and provides, in pertinent part:

> (a) Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.

28 C.F.R. § 14.9. This section, by its own terms, can only be referring to denials of claims, and not other dispositions. For example, Section 14.9 also states that a denial may include a "statement of the reasons for the denial". The November 24th Letter, which the defendants in this case claim is to serve as a final denial, contains only the offer after stating that the facts had been reviewed. There is no statement of the reasoning behind the offer, likely because it was not a final denial, but an offer to settle the matter without further litigation. Essentially, the government argues here that the final denial does not have to be a denial, but can be any action by the government agency as long as it includes reference to the time limitation contained in § 2401.

7

    B.    The Offer to Dispose of the Claim was Made More than Six Months After the Claim was Filed.

Where the administrative agency does not provide a Notice of Final Denial within six months of the filing of the claim, the filing party is free, under 28 U.S.C. § 2675(a) to consider the claim denied at any time and proceed with commence of a suit in the district court.

> The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C § 2675(a). Under § 2675(a), if the Government fails to make final disposition of the claim within six months, the claimant may deem the lack of action a final denial and file an action *at any time* thereafter. It is also important to note that a prospective plaintiff is not permitted under § 2675(a) to file suit against an agency within the six month period during which the agency is to be considering the claim. That period must expire before suit is filed. See, *e.g.*, *Jerves*, supra (claimant did not allow six months from filing of administrative claim to elapse before initiating suit.)

Here, the claim was filed on March 23, 2009 by submission of the appropriate Form 95. Pujols Decl. at ¶ 2. The November 24th Offer was sent November 24, 2009 by certified mail, about eight months later. Pujols Decl. at ¶ 3. As no denial was issued, Plaintiff was free to file the Complaint beginning on or about September 24, 2009. Under § 2675(a), Plaintiff in this case was free to consider the government's failure to make a final disposition of the claim within six months a denial "at any time thereafter" on or about September 23, 2009. As result, the government is in the position of arguing in this case that Plaintiff was free to file suit between September 24, 2009 and April 24, 2011, but not thereafter because the defendants, in effect, started the six month clock running by sending an offer to settle on an arbitrary date after the time prescribed by statute.

8

It is common for claimants never to receive a denial from government agencies and file suit on their own schedules, as Plaintiff proceeded in this case. Even if the November 24th Letter is considered to be a final denial by the Court, Plaintiff submits that the fact that it was sent after the six month deadline set by 28 U.S.C. § 2675(a) allowed Plaintiff to file suit more than six months after it was sent.

## II. In the Alternative, Plaintiff is Entitled to Equitable Tolling of the Deadline to File Suit.

If the Court finds that a final denial of the claim was issued via the November 24th Letter, Plaintiff is entitled to an equitable tolling of the applicable six month period. A limitations period may be tolled if a plaintiff "(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. New York City Trans. Auth.*, 333 F.3d 74, 80-81 (2d Cir.2003). The Supreme Court has not expressly determined whether equitable tolling can apply to FTCA cases, it has established a rebuttable presumption that equitable tolling is available in suits against the government. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-97, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The Second Circuit implicitly acknowledged the possibility of equitable tolling in an FTCA claim in *Valdez v. United States*, 518 F.3d 173, 182-83 (2d Cir.2008), while declining to address the issue directly.

A plaintiff seeking equitable tolling must generally establish two elements: (1) that he has been pursuing his or her rights diligently and (2) that some extraordinary circumstance prevented him from filing a timely claim. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161

L.Ed.2d 669 (2005). Equitable tolling is has been held to be available in the Second Circuit, see, e.g., *Valdez ex rel. Donely v. United States*, 518 F.3d 173, 182-84 (2d Cir.2008). Moreover, as this Court recited in *Genao v. United States*, 2010 WL 3328017 at *4 (E.D.N.Y. Aug. 19, 2010) quoting *Holland v. Florida*, -- U.S. --, 130 S.Ct. 2549, 177 L.Ed. 130 (2010), "The diligence required for equitable tolling purposes is 'reasonable diligence' not 'maximum feasible diligence'."

In this case, Plaintiff acted with due diligence throughout the pendency of his claim. He was responsive to the FBI's prior request for more information and provided the requested documents to the FBI in a timely fashion. Plaintiff received no denial or offer of settlement within the six month. The FBI did not respond until well after the six month period within which the denial was to be issued by making an offer that is, at best, ambiguous in its terms. Thereafter settlement negotiations continued through with the submission of a counter offer by counsel for Plaintiff and a response from the agency. Based on these facts and those stated above, Plaintiff respectfully submits that, should the November 24th Letter be considered a final denial for purposes of 28 U.S.C. §§ 2401(b) and 2675(a), the Court should find that he is entitled to tolling of the deadline to file suit.

Dated: New York, New York
May 4, 2011

Jonathan Roberts (9036)
Talkin, Muccigrosso & Roberts, LLP
*Attorneys for Plaintiff*
40 Exchange Place, 18th Floor
New York, New York 10005
(212) 482-0007

_____

10