UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREW GLORIOSO,

                   Plaintiff,                   Case No. 10-cv-3724 (NG)(RML)

    -against-

FEDERAL BUREAU OF INVESTIGATION and
UNITED STATES,

                   Defendants.
------------------------------------------------------------X


PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW
IN FURTHER OPPOSITION TO THE DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT


Jonathan Roberts (9036)
Talkin, Muccigrosso & Roberts, LLP
*Attorneys for Plaintiff*
40 Exchange Place, 18th Floor
New York, New York 10005
(212) 482-0007

## INTRODUCTION

This Memorandum is submitted in further opposition to the Defendants' motion to dismiss this action. In further support of this motion, the Defendants submit a supplemental affidavit of Nestor Pujols stating that he supplied instructions for the completion of Standard Form SF-95 in October 2008, which contained language indicating that Plaintiff had six months to file an action in District Court from the time a "determination is made". This additional information sheds no light on the issues central to this motion. In its Reply Memorandum, the Government provides no additional legal authority for its position and merely reasserts its argument that Plaintiff's reliance on the applicable statutes is "misplaced".

Apparently, the Government's hard line view of procedural deadlines applies to prospective plaintiffs and not to the Government itself. This is clearly evident in the Government's failure to address Plaintiff's claim for damages within the six month prescribed period. Further evidence is found in the Defendants manner of dealing with this case; they have asked for and received more than one extension of time to file documents in this case, including an extension of its time to respond to the Complaint. Nonetheless, as previously argued, the offer to settle in this case contained no language indicating that the claim was being denied, conditionally or otherwise. In addition, the settlement offer was made three months past the time prescribed by statute for agency review of a claim. Plaintiff did not receive a denial, only a late offer to settle, Plaintiff filed this action in a timely fashion. As a result, this motion should be denied.

1

<u>ARGUMENT</u>

1. <u>The Government did not make a Determination Within Six Months of Plaintiff's Claim Being Filed.</u>

In its Reply Memorandum, the Government asserts that Plaintiff, who filed his claim via a SF-95 on March 23, 2009, "presented his administrative claim on August 28, 2009 by submitting the requested information" in response to the FBI request for additional information. Defendants' Reply Memorandum of Law ("Reply Memo") at p.3. Defendants' initial statement of the Procedural History of this case stated only that "plaintiff, through counsel filed an administrative claim with the FBI on March 23, 2008 pursuant to the Federal Tort Claims Act". Memorandum of Law in Support of Motion to Dismiss at p.2. It is now apparently the Defendants' position that they did not make the offer to settle contained in the November 24th Letter beyond the six month period within which they were to make a determination, but within that six months, since the FBI requested and was provided further information in August 2008. Reply Memo at p.3. Defendants offer no authority for this position and it remains Plaintiff's position that his claim was submitted on March 23, 2009, when he filed his Form SF-95 with the FBI. The October 27, 2008 correspondence properly indicates "The Government has six months to make a decision on an administrative claim."

As argued in the Plaintiff's Memorandum of Law in Opposition to the Motion to Dismiss, where the government does not provide a Notice of Final Denial within six months of the filing of the claim, the filing party is free, under 28 U.S.C. § 2675(a) to consider the claim denied at any time and proceed with commence of a suit in the district court.

> The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

2

28 U.S.C § 2675(a).  Under § 2675(a), if the Government fails to make final disposition of the claim within six months, the claimant may deem the lack of action a final denial and file an action *at any time* thereafter.  It is also important to note that a prospective plaintiff is not permitted under § 2675(a) to file suit against an agency within the six month period during which the agency is to be considering the claim. That period must expire before suit is filed.

The Defendants' entire argument in this respect is "Plaintiff's reliance upon this provision [i.e., 28 U.S.C. § 2675] is misplaced." Reply Memo. at p.5.  In addition to lacking legal support, the Government's position is that it is free – at any time – to make an offer of settlement and rely on that offer to trigger a six-month deadline within which prospective plaintiffs are required to file suit. 28 U.S.C. § 2675 requires otherwise, namely that the Government address claims within six months or be subject to suit thereafter.

The Defendants' Reply memorandum also misstates Plaintiff's position with respect to this motion in at least two respects.  First, Defendants assert that "Plaintiff readily acknowledges that this action was untimely". Reply Memo at p.7.  Whether this action is untimely is the issue at the heart of this motion.  In fact, Plaintiff argues on the very first page of his Memorandum of Law that the action is timely.  In support of this assertion, Defendants cite pages 4-5 of Plaintiff's Memorandum in Opposition, in which Plaintiff argues that he "did not receive a final denial of his claim."  Plaintiff has never acknowledged that this action was untimely and argues once again that it was timely filed.

Second, Defendants state that "Plaintiff does not assert that they were confused by the November 24, 2009 letter or that the letter was ambiguous". Reply Memo at p. 4.  While Plaintiff was not "confused" by the letter, Plaintiff argues that the letter was "at best, ambiguous" on page 10 of his Memorandum of Law.

3

**2.** **Dagmar Neblett was a Proper Defendant at Time of Filing.**

The Defendants also assert that Plaintiff "improperly" sued Dagmar Neblett, the driver of the car that collided with Plaintiff's car, who was an FBI employee at the time and acting in that capacity, despite the advisement contained in the October 27, 2008 correspondence. Reply Memo. at p.2, n.2. The Defendants imply that plaintiff's counsel ignored the October 27, 2008 correspondence all together. However, at the time of filing the Complaint in this matter, discovery had yet to begin and the FBI had not yet certified that Neblett was acting within the scope of her employment. Based on the facts of this case as they stood at the time of filing, despite being aware that an FBI vehicle was involved, counsel was under an obligation to name the driver of the vehicle as defendant. It is often the case, particularly with law enforcement personnel, that employees use official vehicles outside the scope of their employment and was easily foreseeable that Neblett could have been personally liable for Plaintiff's injuries.

**3.** **Plaintiff is Entitled to Equitable Tolling of the Deadline to File Suit.**

If the Court finds that a final denial of the claim was issued via the November 24th Letter, Plaintiff is entitled to an equitable tolling of the applicable six month period. Plaintiff was responsive to the FBI's prior request for more information, providing responsive documents to the FBI. Plaintiff received no denial or offer of settlement within the six months. The FBI did not respond until well after the prescribed six month period. When negotiations continued through with the submission of a counter offer by counsel for Plaintiff and a response from the agency, Plaintiff was led to believe that the FBI was still considering its offer, which was well-below the value of this case, based on the injuries sustained by Plaintiff and the treatment he

received.  Based on these facts and those stated above, Plaintiff respectfully submits that, should the November 24th Letter be considered a final denial for purposes of 28 U.S.C. §§ 2401(b) and 2675(a) , the Court should find that he is entitled to tolling of the deadline to file suit.

Dated: New York, New York
      June 17, 2011

Jonathan Roberts (9036)
Talkin, Muccigrosso & Roberts, LLP
*Attorneys for Plaintiff*
40 Exchange Place, 18th Floor
New York, New York 10005
(212) 482-0007

5