UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANDREW GLORIOSO,

                Plaintiff,

   -against-

FEDERAL BUREAU OF INVESTIGATION and
UNITED STATES,

              Defendants.
-----------------------------------------------------------------X

10 CV 3724 (NG) (RML)

<u>OPINION & ORDER</u>

FILED
CLERK OF ...
JUN 21 2012
... OFFICE

GERSHON, United States District Judge:

Plaintiff Andrew Glorioso brings this action seeking damages for injuries he sustained as a result of an automobile collision between his vehicle and a vehicle driven by an employee of the Federal Bureau of Investigation ("FBI"), on August 15, 2008. The United States now moves pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss this action for lack of jurisdiction on the basis that plaintiff's claim is untimely under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2401(b), 2671-2680. For the reasons stated below, the government's motion is granted.

JURISDICTIONAL FACTS

The facts relevant to the jurisdictional issue are not disputed.

Plaintiff's counsel notified the FBI of his potential claim in October 2008. The FBI responded by letter on October 27, 2008 and enclosed a claim form, Standard Form 95. The three page letter accompanying Form 95 gave a detailed explanation of the federal tort claims process. Specifically, in the section entitled "Time Period for Filing; Lawsuits Against the United States," the letter explains that "[o]nce a determination is made, an offer or denial, you

1

will be notified.  If the disposition is unacceptable, the claimant has six months from the date of that determination to either file suit or ask for reconsideration."

Plaintiff filed the claim form on March 23, 2009.  On July 10, 2009, the FBI responded to the claim by requesting additional information.  Plaintiff provided the requested information by letter dated August 28, 2009.

In his declaration, plaintiff's attorney, Jonathan Roberts, Esq., states that, after filing the claim form, he had numerous discussions with Nestor Pujols, a paralegal specialist with the FBI, regarding the claim, including settlement negotiations.  On November 24, 2009, the FBI mailed Mr. Roberts a certified letter containing an offer of $12,142.00 to settle the matter (the "November 24 letter").  This is the letter that the government argues amounts to a final denial of the claim.  The entire contents of the letter reads as follows:

> The Standard Form 95, Claim for Damage, Injury or Death, submitted by you on behalf of your client Mr. Andrew Glorioso, pursuant to the provisions of the Federal Tort Claims Act in regard to the captioned matter has been referred to this office for determination.
>
> Please be advised that we have carefully reviewed the facts surrounding this accident and the applicable provisions of the FTCA, 28 United States Code (U.S.A.)[sic] section 2675 (a).  28 U.S.A.[sic] section 2675 (a) provides for the payment of claims arising out of the negligent or wrongful acts of a federal employee while acting within the scope of his/her employment.
>
> After a review of the submitted documentation, and in order to effect a fair and amicable settlement, we offer $12,142.00 in full settlement of this claim.  This amount reflects $2,142.00 for property damage and $10,000 for pain and suffering.
>
> Please complete the enclosed voucher and return it to this office.  In order to receive payment you must enter the information required in section 3, ELECTRONIC FUNDS TRANSFER (EFT).  Upon receipt the voucher will be processed for payment, allow 4 to 8 weeks for receipt of funds[.]
>
> Please be advised that 28 Code of Federal Regulations section 14.9 (a) requires us to inform you that, if you are dissatisfied with our decision, suit may be filed against the United [S]tates in an appropriate United States District Court, not later than six (6) months after the date of this letter.

Although Mr. Roberts acknowledges that the November 24 letter advises his client to file suit no later than six months after the date of that letter, in his declaration, Mr. Roberts describes his effort to continue to engage in settlement negotiations. He called Mr. Pujols to inform him that the settlement offer was "not sufficient compensation for plaintiff's injuries, that plaintiff would not accept the latest offer and ask[ed] him to reconsider." Roberts Decl. at ¶ 11. Mr. Pujols responded that he would consult with his supervisor and get back to Mr. Roberts. Receiving no response, Mr. Roberts called Mr. Pujols again on December 3, 2009 and left a voice message. On January 5, 2010, Mr. Pujols responded by phone that, after consultation with his supervisor, the settlement offer would not be increased. Plaintiff's complaint was filed on August 13, 2010, more than six months after the November 24, 2009 letter.

## DISCUSSION

The FTCA waives the United States' sovereign immunity for certain classes of tort claims, including claims for personal injury or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). However, the FTCA does not put the United States on the same footing as a non-sovereign defendant; rather, it imposes strict procedural requirements to which plaintiffs must adhere before they can sue.

A time bar is imposed by 28 U.S.C. § 2401(b), which provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

It is undisputed that plaintiff met the first prong of § 2401(b) by notifying the FBI of his claim within a few months of the accident.  The issue in controversy is whether the November 24 letter, making an offer of $12,142.00 "in full settlement" of the claim, but not containing the words "notice of final denial," constitutes a notice of final denial for the purposes of § 2401(b).

28 C.F.R. § 14.9(a), which governs the denial of administrative claims and is titled "Final denial of claim," provides:

> Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.

The letter that plaintiff received meets the criteria of § 14.9(a).  The response to plaintiff's claim was in writing and sent by certified mail to plaintiff's attorney.  The letter contains the following explicit advice:

> Please be advised that 28 Code of Federal Regulations section 14.9(a) requires us to inform you that, if you are dissatisfied with our decision, suit may be filed against the United States in an appropriate United States District Court, not later the six (6) months after the date of this letter.

This unequivocally informs plaintiff that, if he is dissatisfied with the settlement offer, *i.e.*, the agency action, he should file suit in federal court within six months.  Even though the letter does not include the words "final denial," the letter comports with the requirements of § 14.9(a).

Other than filing a written request for reconsideration pursuant to 28 C.F.R. § 14.9(b), which plaintiff did not do, there was no administrative remedy open to plaintiff after receiving the November 24 letter.  If plaintiff was dissatisfied with the FBI's settlement offer, the only option left to plaintiff was to file a suit in federal court. The November 24 letter unequivocally informs plaintiff of that reality and the attendant limitations period.  While plaintiff attempted

4

further negotiation, he cannot extend his statute of limitations by unilaterally trying to obtain a change in the agency's determination.

Other courts in this circuit have held that, when a letter in response to an administrative claim references §14.9 and meets the criteria of § 14.9, the letter is a final denial of the claim sufficient to trigger the six month jurisdictional limitations period contained in § 2401(b), regardless of whether the words "final denial" appear in the letter. For example, in *Greenberg v. Kraich*, 2004 WL 2414006, *3 (S.D.N.Y. 2004), the agency sent a denial letter that did not contain the word "final." The court reasoned that the letter "started the running of § 2401(b)'s six-month clock" because the letter stated that plaintiff's administrative claim had been "reviewed and a determination [had] been made," gave notice of the six-month time limitation, and specifically referenced § 14.9, the regulation governing final denial of claims. *Greenberg v. Kraich*, 2004 WL 2414006, *3 (S.D.N.Y. 2004); *see also Hill v. United States*, 2010 WL 4365572, *5 (D. Conn. 2010); *State Farm Mut. Auto Ins. Co. v. United States*, 326 F. Supp. 2d 407, 416–17 (E.D.N.Y. 2004). The same is true of the November 24 letter.

Plaintiff asks the court to consider two decisions of the Ninth Circuit Court of Appeals, *Woirhaye v. United States*, 609 F.2d 1303, 1306 (9th Cir. 1979), and *Jerves v. United States*, 966 F.2d 517 (9th Cir. 1992). However, the *Woirhaye* and *Jerves* decisions do not lend support to plaintiff's position. The *Woirhaye* Court held that an administrative denial is not final if "[t]he agency leads the claimant reasonably to believe that it is still actively considering the original claim." *Woirhaye v. United States*, 609 F.2d at 1306. Here, plaintiff neither alleges nor has offered any evidence that the FBI led him reasonably to believe that it was actively considering his claim. In fact, when plaintiff's attorney inquired into the possibility of continued negotiation of the claim, the FBI confirmed that the November 24 letter constituted its final offer. In *Jerves*,

5

the agency letter contained a settlement offer, but, finding that the letter did not comply with the requirements of § 14.9(a), the court concluded that the "offer [was] not of a 'take-it-or-leave-it' variety." *Jerves v. United States*, 966 F.2d at 520. Significantly, the *Jerves* Court noted that the letter did not reference § 14.9(a) and did not "inform Jerves that her next step, should she be dissatisfied with the letter's contents, is to file suit in district court." *Jerves* at 519. The November 24 letter did meet these requirements.

Plaintiff also argues that his time to file suit should be enlarged pursuant to 28 U.S.C. § 2675. Plaintiff's reliance on § 2675 is misplaced. In relevant part, § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Thus, § 2675 requires that any claim be presented to the appropriate federal agency first, before the filing of a law suit and gives the agency six months to review the claim.

Plaintiff relies on that part of § 2675(a) which allows a claimant, who has filed a claim with the appropriate federal agency and not received a response for at least six months, to treat the failure to respond as a final denial so that he or she may file a suit in federal court. The plaintiff argues that, because more than six months elapsed between the timely filing of plaintiff's claim and the FBI's settlement offer, plaintiff should not be bound by the six month filing period. However, plaintiff ignores that the agency did determine his claim on November 24, 2009, and plaintiff had not filed suit in the meantime. "[T]he option to 'deem' a claim constructively denied evaporates once the agency actually denies the claim. There is nothing to

deem once the agency formally acts." *Ellison v. United States*, 531 F.3d 359, 363 (6th Cir. 2008); *see also Arigo v. United States*, 980 F.2d 1159, 1161 (8th Cir. 1992)(noting that, after the six-month response period has lapsed, "the agency can still consider the claim and trigger § 2401(b)'s six-month limitations period by denying the claim.").

Plaintiff also argues that, if the November 24 letter is treated as a final denial, equitable tolling should be granted because the letter was ambiguous. To begin with, because the FTCA creates a waiver of sovereign immunity, it is strictly construed, and all ambiguities are resolved in favor of the United States. *See Loew v. U.S. Postal Service*, 2007 WL 2782768, *4 (E.D.N.Y. 2007); *Moreno v. United States*, 965 F. Supp. 521, 524 (S.D.N.Y. 1997). However, assuming that equitable tolling is available in a FTCA case, *see Genao v United States*, 2010 WL 3328017, *4 n.4 (E.D.N.Y. 2010), it would provide no relief here. By the clear terms of the November 24 letter, plaintiff was informed of the need to file suit no later than May 24, 2010. If the six month filing period were tolled to account for some ambiguity as to whether settlement negotiations with the government were ongoing, as the plaintiff argues, by January 5, 2010, plaintiff had confirmation that the government's settlement offer would not change. Therefore, a tolling of the six month period to account for the alleged ambiguity would result in a filing deadline of July 5, 2010. Since plaintiff filed suit on August 13, 2010, equitable tolling to account for any perceived ambiguity in the government's letter would not provide relief. Most importantly, plaintiff gives no reason for his delay in filing suit that would provide a basis for equitable tolling. *Cf. Genao v United States*, 2010 WL 3328017 (E.D.N.Y. 2010).

Finally, the FTCA expressly provides that only the United States may be held liable for torts committed by a federal agency, and not the agency itself. 28 U.S.C. § 2679(a); *C.P.*

*Chemical Co., Inc. v. United States*, 810 F.2d 34, 37 n.1 (2d Cir. 1987).  Therefore, the FBI is not

a proper party to this action, and the claim against it must be dismissed on that basis alone.

## CONCLUSION

For the reasons stated above, Mr. Glorioso's claims against the United States and the FBI

are dismissed.  The Clerk of Court is directed to close the case.


SO ORDERED.

s/NG

**NINA GERSHON**
**United States District Judge**


Dated: June __, 2012
      Brooklyn, New York